UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eugene J. Fisch,

    Plaintiff,

v.

The United States Government *et al.*,

    Defendants.

Civil Action No. 13-2038

FILED
DEC 20 2013
Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Syracuse, New York, who has submitted a voluminous Complaint, consisting of 1,591 enumerated paragraphs in Part One alone. Although the Court has labored through plaintiff's allegations, it need point only to plaintiff's jurisdictional statement as the basis for dismissal. Plaintiff states that "[t]his Court has full jurisdiction to act fairly and without delay, since the Second Circuit and District Court conspiratorially violated Plaintiff's due process rights, discriminated [sic] Plaintiff [sic] rights under the [Crime Victims' Rights Act] which were willfully and conspiratorially violated." Compl. ¶ 148 (citing 18 U.S.C. § 3771(d)(3)). Plaintiff seeks monetary damages but the Crime Victims' Act specifically states that "[n]othing in this chapter shall be construed to authorize a cause of action for damages . . . ."

1

18 U.S.C. § 3771(d)(6). Plaintiff further states that he is suing under 42 U.S.C. § 1983, but he "nam[es] eight Federal Circuit and District Court Judges, seven Clerks of Court, and U.S. Attorneys Preet Bhaara of the Southern District Court of New York, and Richard Hartunian of the Northern District of New York, along with two Deputy U.S. Attorneys as defendants in a systematic obstruction of justice and for perpetrating fraud on public policies." *Id.* ¶ 149. By its terms, section 1983 applies only to state actors, not the federal defendants named here.

Essentially, plaintiff takes issue with court rulings and proceedings held in the federal courts in New York. Jurisdiction is wanting because a federal district court is not a reviewing court and, thus, lacks subject matter jurisdiction to review the decisions of other Article III courts. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). In addition, the prolix complaint does not comply with the pleading requirement of Fed. R. Civ. P. 8(a)(2) by containing "a short and plain statement of the claims showing that the pleader is entitled to relief" and is " 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). Hence, this case will be dismissed with prejudice. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). A separate order of dismissal accompanies this Memorandum Opinion.

Date: December 16, 2013

United States District Judge

2